UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANE JONES,<br><br>                Plaintiff,<br><br>      v.<br><br>MIKE DAVIS, and FRED DOUGLAS,<br><br>                Defendants. | CASE NO. C09-5186FDB<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT AN AMENDED COMPLAINT OR SHOW CAUSE WHY MATTER SHOULD NOT BE SUMMARILY DISMISSED |

The Court, having reviewed plaintiff's application for IFP, complaint and the balance of the record contained herein, does hereby find and ORDER the following:

(l) A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an in forma pauperis complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

Here, Plaintiff's Complaint states:

On October 8, 2008, I was arrested do to a warrant that the Gig Harbor police obtained regarding a criminal act that took place on Borgen Blv. Gig Harbor. A warrant was obtained with illigitament facts for the arrest, therefore I have been unlawfully imprisoned in the pierce county jail. I believe that I am owed monies

ORDER - 1

> for lost wages, along with payment for every day that I have been illegally imprisoned, wich will be determend upon release after my trial.

Complaint at 3.

(2) Plaintiff's complaint appears to call into question the validity of his continued confinement in prison. More specifically, Plaintiff is seeking immediate release, as well as money damages, in the amount of $25,000 per day beyond his earned release date ("ERD").

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374.

It appears Plaintiff's claims necessarily call into question the legality of his current confinement in the Pierce County Jail. Based on the above alleged facts, Plaintiff's claims should be first raised in a petition for writ of habeas corpus, not a § 1983 civil rights claim for money damages. Significantly, Plaintiff has not shown that he has previously successfully challenged the decision to keep him in custody and that that decision violates his constitutional rights in the context of his conviction and sentence. Thus, it appears a § 1983 claim for monetary damages is premature.

(3) Plaintiff has failed to describe how each defendant was personally involved in the alleged deprivations. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing

the harm alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).
Plaintiff's complaint does not show that any of the individuals named as defendants personally participated in the alleged civil rights violations.   Plaintiff should also noted that a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978).  A theory of respondeat superior is not sufficient to state a § 1983 claim.  Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

     (4)  Due to the deficiencies described above, Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be dismissed by no later than **May 14, 2009**.  If  an amended complaint is not timely filed or if plaintiff fails to adequately respond, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

     (5)  The Clerk is directed to send Plaintiff a copy of this Order and the General Order
DATED this 15th day of April, 2009.

J. Richard Creatura
United States Magistrate Judge